IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY Q. KELLY, #352736       *
    Plaintiff,
    v.                                   *    CIVIL ACTION NO. RDB-16-3294

SHAYLA LEASE, *Case Management*   *
  *Specialist*
DEPARTMENT OF PUBLIC SAFETY AND   *
CORRECTIONAL SERVICES
    Defendants.                     *
                                           *****

## MEMORANDUM OPINION

On September 26, 2016, the Court received for filing inmate Anthony Kelly's self-represented 42 U.S.C. § 1983 civil rights action. The Complaint seeks damages from the Maryland Department of Public Safety and Correctional Services ("DPSCS") and Shayla Lease, a North Branch Correctional Institution ("NBCI") Case Management Specialist. Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 20), as well as a legal memorandum (ECF No. 20-1),[1] and Declarations. ECF No. 20-2 and 20-3. Kelly has filed an Opposition and a Motion to Schedule Date for Bench Trial. ECF Nos. 22 & 23.

The matter is ready for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). Defendants' Motion, construed as a motion for summary judgment, IS GRANTED for reasons to follow.

---

[1]     All exhibits are referenced by their electronic filing number.

## I. BACKGROUND

Kelly, who is currently confined at the NBCI, alleges that on August 11, 2016, he requested that Case Management Specialist Lease have his legal documents (a proof of service to accompany his mandamus petition) notarized so that it could be sent to the U.S. Supreme Court. He maintains that Lease refused to notarize his legal documents due to Kelly's litigation against another NBCI Case Management Specialist. ECF No. 1, p. 3. Kelly contends that every time he files an administrative remedy procedure ("ARP") grievance, the prison official will state that it was not received or it has been misplaced. *Id.*, p. 4.

## II. STANDARD OF REVIEW

Defendants' Motion is styled as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary Judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an

2

obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165, 167. Given the exhibits presented here (which were also presented to Kelly), the Court has ample information with which to address the pleading as filed for summary judgment.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides in part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). In analyzing a summary judgment motion, the court should "view the evidence in the light most favorable to…the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290

3

F.3d 639, 644-45 (4th Cir. 2002); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). But, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black &. Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45.

Because Kelly is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the Court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

### III. DISCUSSION

Defendant Lease affirms that she did not receive any documents from Kelly requesting notary services on August 11, 2016. She indicates that she notarized documents for Kelly on June 16 and August 3, 2016. ECF No. 20-2, at Lease Decl. She further maintains that Kelly has failed to demonstrate that his access to courts was impeded by the alleged failure to obtain notary

4

services. Additional documents show that Kelly's legal documents were notarized on December 21, 2016. ECF No. 20-3, p. 2.

In his Opposition, Kelly argues that Defendants' Motion should be denied as there is a dispute of material fact. He states that he "suffered prejudice to warrant relief." ECF No. 22.

## IV. ANALYSIS

Defendants raise several defenses: entitlement to Eleventh Amendment immunity, Kelly's failure to state an access-to-courts claim, and qualified immunity.

Defendants correctly assert that the DPSCS is not a person within the meaning of 42 U.S.C. § 1983 and the State of Maryland has not waived its sovereign immunity under the Eleventh Amendment to suit in federal court. Defendant DPSCS is a state agency. *See* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(f) and 2-101. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000). Consequently, the claim against the DPSCS will be dismissed.

Kelly's cause of action against Case Management Specialist Lease may be construed as an access-to-courts claim. It is subject to dismissal because Kelly has not demonstrated actual injury. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court

clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* at 355. Simply put, in order to state a claim for denial of access to the courts, a prisoner must provide some basis for his allegation that he has been deprived of meaningful access to the courts. *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).

In addition, a plaintiff must show actual injury resulting from the alleged denial of access. *Lewis*, 518 U.S. at 349. The plaintiff must identify with specificity the actual injury resulting from the defendants' conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316–17 (4th Cir. 1996). The "'actual injury' that an inmate must demonstrate is that the alleged shortcomings in the prison library or legal assistant program have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim." *Lewis*, 518 U.S. at 343; *see also Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access-to-court claim, inmate must allege and show that he or she has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

Defendants argue that Kelly has not set out a colorable access-to-courts claim as he has failed to show that his ability to litigate a protected legal claim was impaired or effected by the alleged denial of notarized documents. The Court concurs. Kelly's Complaint alleges that Lease's actions denied him the ability to file a notarized service of process form with his

mandamus petition in the U.S. Supreme Court. Kelly does not demonstrate he was unable to verify his proof of service by other means. Indeed, under U.S. Sup. Ct. Rule 29.2:

> "a document is deemed to be timely filed if it is deposited in the institution's internal mail system on or before the last day for filing and is accompanied by a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the date of deposit and stating that first-class postage has been prepaid. If the postmark is missing or not legible, or if the third-party commercial carrier does not provide the date the document was received by the carrier, the Clerk will require the person who sent the document to submit a notarized statement or declaration in compliance with 28 U.S.C. § 1746 setting out the details of the filing and stating that the filing took place on a particular date within the permitted time.

Kelly has not shown that the alleged inaction of Lease resulted in the return or dismissal of his mandamus petition or prevented him from proceeding in any court. Undeniably, the rules of the Supreme Court show that Kelly may have alternatively submitted a declaration or affidavit under oath attesting to the service date of his mandamus filing.

## V. CONCLUSION

Kelly has failed to prove that Defendants violated his constitutional rights. Summary judgment will be entered in favor of Defendants in a separate Order to follow.[2]

Date: MAY 31, 2017

Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] In light of this decision, the Court need not evaluate Defendants' qualified immunity defense. Kelly's Motion to Schedule Date for Bench Trial shall be denied.